# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ELVIRA RAMOS-MORALES, Defendant. | No. 15-CR-1002-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is the government's "Motion for Preliminary Ruling Regarding Admissibility of Rule 404(b) Evidence" ("Motion") (docket no. 15).

## II. RELEVANT PROCEDURAL HISTORY

On January 14, 2015, a grand jury returned a three-count Indictment (docket. no. 2) against Defendant. Count 1 of the Indictment charges Defendant with knowingly using a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States in violation of 18 U.S.C. § 1546(a). Count 2 of the Indictment charges Defendant with falsely and willfully representing herself to be a citizen of the United States in violation of 18 U.S.C. § 911. Count 3 of the Indictment charges Defendant with knowingly transferring, possessing and using without lawful authority a means of identification that Defendant knew belonged to another person in violation of 18 U.S.C. § 1028A(a)(1). On March 4, 2015, relying on Federal Rule of Evidence 104, the government filed the Motion.[1] On March 9, 2015, Defendant filed the Resistance (docket

---

[1] "The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104.

no. 19). On March 9, 2015, the court held a hearing on the Motion. *See* March 9, 2015, Minute Entry (docket no. 21).

### III. ANALYSIS

In the Motion, the government seeks a preliminary "ruling regarding the admissibility of evidence of [D]efendant's prior conviction for Fraudulent Practice in the 3rd degree," which is an aggravated misdemeanor in Iowa.[2] Motion at 2 (formatting omitted). In the Resistance, Defendant argues that the court should "overrule the [g]overnment's proposed admission of the prior criminal conviction." Resistance at 1.

#### A. Applicable Law

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Federal Rule of Evidence 404(b) is one of inclusion, "such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). This evidence is admissible if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Bassett*, 762 F.3d 681, 687 (8th Cir. 2014) (quoting *United States v. Cockerham*, 417 F.3d 919, 921 (8th Cir. 2005)) (internal quotation marks omitted).

---

[2] An aggravated misdemeanor under Iowa law is punishable by a term of imprisonment not to exceed two years. Iowa Code § 903.1 (2015).

## B. Application

The government argues that "[e]ach of the four factors for admissibility is met." Motion at 3. Defendant counters that the evidence of Defendant's "prior conviction does not satisfy all four elements to be admissible under 404(b)." Brief in Support of Resistance (docket no. 19-1) at 2. The court will examine each factor in turn.

### 1. *Relevance*

The government argues that "the use of another person's identity is relevant to the material issues of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Motion at 3. Specifically, the government argues that "[b]y pleading not guilty to the three charged offenses, [D]efendant placed her knowing and intentional use of another actual person's means of identification at issue." *Id*. Defendant counters that the "[g]overnment is offering this [evidence] as mere propensity evidence," meaning that "if she used fake documents to work in the past, she must be knowingly doing so again." Brief in Support of Resistance at 2.

The court finds that evidence of Defendant's prior conviction for fraudulent practices is relevant to material issues in this case. The crimes charged in this case include elements of knowledge and intent, and a "defendant places [her] state of mind in issue by a general denial defense." *United States v. Lindsey*, 702 F.3d 1092, 1099 (8th Cir. 2013) (quoting *Untied States v. Anthony*, 537 F.3d 863, 866 (8th Cir. 2008)) (internal quotation marks omitted); *see also United States v. Clark*, 668 F.3d 568, 574-75 (8th Cir. 2012) (holding that "Rule 404(b) evidence in this case was relevant to [the defendant's] knowledge and intent that he was using the means of identification of another person, which was a material issue").

Defendant also argues that "it is premature to rule until trial" because "[c]ourts typically admit these types of [evidence] to allow the [g]overnment to rebut a theory of defense," and the "[c]ourt will know [at trial] . . . whether Defendant will be relying upon

3

an explicit theory of defense, or whether she will simply require the [g]overnment to meet its burden of proof." Brief in Support of Resistance at 2-3. The court is not required to wait for Defendant's theory of the case before it decides whether evidence is relevant to a material issue. *See Lindsey*, 702 F.3d at 1099 ("[D]efendant places [her] state of mind in issue by a general denial defense.") (quoting *Anthony*, 537 F.3d at 866) (internal quotation marks omitted); *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) (holding that the defendant "placed his knowledge . . . at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt"). Moreover, the government has the burden at trial and it "may introduce evidence of [D]efendant's earlier wrongs in its case-in-chief without waiting for [D]efendant to contest the issue of intent." *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987).

### 2. *Similar in kind and not overly remote*

The government argues that "the criminal acts and prior conviction for fraudulent practices . . . involved identity theft and is therefore 'similar in kind' . . . [,] occurred less than two years prior to the charged crimes and is not 'overly remote in time to the crime charged.'" Motion at 3. Defendant counters that the conviction "here arise[s] in a different jurisdiction, involve[s] a different identity, and [is] over five years old." Brief in Support of Resistance at 2.

While Defendant's prior conviction for third degree fraudulent practice is not identical to the crimes charged in the Indictment, the court finds that the crimes are sufficiently similar because both offenses involve using the means of identification of another person. *See Clark*, 668 F.3d at 575 (holding that the "prior acts evidence was similar in kind . . . to the aggravated identity theft charged in [the] case" because "the prior act involved [the defendant] using the means of identification of another actual person for attempted financial gain"); *Walker*, 470 F.3d at 1275 (quoting *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005)) (holding that "[w]hen admitted to show intent, the

4

prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent") (internal quotation marks omitted). Moreover, Defendant's conviction for fraudulent practice occurred in June 2010 and the charged offenses here occurred in February 2012. *See Clark*, 668 F.3d at 575 (holding that "[g]iven the strong similarities in kind between the two acts [of aggravated identity theft], the approximately seven-year period between the prior act and the conduct alleged in this case did not render the identity theft conviction too remote for proper consideration"); *Strong*, 415 F.3d at 905-06 (holding that the defendant's "earlier convictions were not too remote" where sixteen years had elapsed between the defendant's prior convictions and the charged conduct). Thus, the prior conviction is "not overly remote in time to the crime charged." *Bassett*, 762 F.3d at 687.

### 3. *Sufficient evidence*

The government argues that "the prior identity theft is supported by sufficient evidence" because "[c]ertified court documents will be offered to prove the conviction." Motion at 3-4. Defendant concedes that the third factor "will be met as Defendant pleaded guilty to [the prior] offense." Brief in Support of Resistance at 2. Thus, the court finds that the third factor is satisfied.

### 4. *Unfair prejudice*

The government argues that "Defendant's use of another person's identity is probative to the material issues of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," and this "probative value is not substantially outweighed by the danger of unfair prejudice." Motion at 4. The government further argues that "any potential prejudice will be curtailed by a limiting instruction." *Id*. The court agrees. While the court does not doubt that Defendant will suffer some prejudice, the court cannot say that the prejudice outweighs the highly probative value of the evidence of Defendant's prior conviction for fraudulent practice.

5

The court finds that evidence of Defendant's prior conviction is probative of her "intent, knowledge, and absence of mistake concerning [her] knowledge that [she] was using the means of identification of an actual person," and "any prejudice arising from such evidence [is] not . . . unfair prejudice." *Clark*, 668 F.3d at 575. Moreover, any prejudice will be lessened by an appropriate jury instruction. *See Bassett*, 762 F.3d at 688 (quoting *Cockerham*, 417 F.3d at 921) ("A proper limiting instruction serves as protection against unfair prejudice.").

Accordingly, evidence related to Defendant's prior conviction for fraudulent practice is admissible, and the court shall grant the government's Motion.

## IV. CONCLUSION

In light of the foregoing, the government's "Motion for Preliminary Ruling Regarding Admissibility of Rule 404(b) Evidence" (docket no. 15) is **GRANTED**.

**DATED** this 11th day of March, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA