# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ELVIRA RAMOS-MORALES,<br><br>    Defendant. | No. 15-CR-1002-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Elvira Ramos-Morales's "Proposed Instruction 18B" (docket no. 17) and "Objection to Government's Proposed Instruction 18" ("Objection") (docket no. 18).

## *II. RELEVANT PROCEDURAL HISTORY*

On January 14, 2015, a grand jury returned a three-count Indictment (docket. no. 2) against Defendant. Count 1 of the Indictment charges Defendant with knowingly using a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States in violation of 18 U.S.C. § 1546(a). Count 2 of the Indictment charges Defendant with falsely and willfully representing herself to be a citizen of the United States in violation of 18 U.S.C. § 911. Count 3 of the Indictment charges Defendant with knowingly transferring, possessing and using without lawful authority a means of identification that Defendant knew belonged to another person in violation of 18 U.S.C. § 1028A(a)(1). On March 6, 2015, the government filed joint "Proposed Jury Instructions" (docket no. 16). On March 6, 2015, Defendant filed Proposed Instruction 18B and the Objection. On March 9, 2015, the government filed a Response (docket no. 20). On March 9, 2015, the court held the Final Pretrial Conference, at which it heard argument on the Objection. *See* March 9, 2015 Minute Entry (docket no. 21).

### III. ANALYSIS

Defendant makes two objections to the government's proposed Instruction 17.[1] Objection at 1. Defendant objects to the government's definitions of "another person" and "without lawful authority." *Id.* Defendant also proposes her own instruction. Proposed Instruction 18B. The court will address each objection and proposed instruction in turn.

#### A. *Another Person*

In the Objection, Defendant first argues that Instruction 17 "fails to define 'another person' which is contained" in Instruction 16—the instruction outlining the elements of aggravated identity theft.[2] Objection at 1. Defendant argues that "[t]he term 'another person' is a term of art" that is ambiguous, and that the government's proposed instruction should give a definition. Brief in Support of the Objection (docket no. 18-1) at 1. Defendant argues that Instruction 17 should define "another person" as "a person who did not consent to the use of the 'means of identification.'" Proposed Instruction 18B at 2. Defendant cites *United States v. Spears*, 729 F.3d 753, 756-58 (7th Cir. 2013) as authority for her proposed instruction. In *Spears*, the Seventh Circuit held that, under 8 U.S.C. § 1028A, "'another person' refers to a person who did not consent to the use of the 'means of identification.'" *Id.* at 758. This may be the law in the Seventh Circuit, however, in the Eighth Circuit, "the government [is] not required to prove lack of victim's consent to prove aggravated identity theft." *United States v. Rodriguez-Ayala*, 773 F.3d 65, 68 (8th

---

[1] Defendant erroneously objects to Instruction 18. However, Instruction 17 contains the definitions for Instruction 16. Thus, the court will refer to Instruction 17 as the disputed instruction.

[2] "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1).

Cir. 2014).[2] The court finds that to the extent Defendant's Proposed Instruction 18B defines "another person," the instruction runs contrary to Eighth Circuit law, while the government's instruction comports with the law in the Eighth Circuit. Thus, with regard to the definition of "another person," the court overrules Defendant's objection to the government's Proposed Instruction 17 and rejects Defendant's Proposed Instruction 18B.

### B. *Without Lawful Authority*

In the Objection, Defendant objects to the italicized portion of the following instruction:

> A defendant acts 'without lawful authority' not only when she uses a means of identification without the consent or knowledge of its *owner but also when she uses a means of identification with the consent or knowledge of its owner in order* [*to*] *commit a crime*. A means of identification need not be illicitly procured for it to be used 'without lawful authority.'

Proposed Instruction 17 (docket no. 16) at 20 (emphasis added). Defendant argues that the government's Proposed Instruction 17 "adds language that conflicts with *United States v. Hines*, 472 F.3d 1038, 1040 (8th Cir. 2007), and with the Pattern Instruction 6.18.1028A" because "[t]he [g]overnment must show that the victim did not consent to the use of her identity." Objection at 1. Defendant argues that the instruction should define "without lawful authority" to mean "that [D]efendant used another[] person[']s means of identification without that person's permission." Proposed Instruction 18B at 2. The government counters that Defendant's Proposed Instruction 18B "is contrary to *Hines* and established Eighth Circuit law." Response at 1.

In *Hines*, the Eighth Circuit held that "whether [the defendant] used [a] name without permission . . . or he obtained . . . consent," the defendant "acted without lawful

---

[2] Defendant failed to cite this contrary authority in her brief despite the fact that defense counsel was defense counsel in *Rodriguez-Ayala*.

authority." *Hines*, 472 F.3d at 1040; *see also United States v. Retana*, 641 F.3d 272, 275 (8th Cir. 2011)[3] (holding that *Hines* stands for the proposition "that the use of another person's social security number for an illegal purpose satisfie[d] [18 U.S.C. § 1028A] as a use 'without lawful authority' regardless of whether that use occurred with or without the other person's permission"). The Eighth Circuit also explicitly stated, in a case where Defendant's counsel was the defense attorney at the trial and appellate levels, that "the government [is] not required to prove lack of victim's consent to prove aggravated identity theft." *Rodriguez-Ayala*, 773 F.3d at 68. The court finds that to the extent Defendant's Proposed Instruction 18B defines "without lawful authority," the instruction runs contrary to Eighth Circuit law, while the government's Proposed Instruction comports with the law in the Eighth Circuit. Accordingly, the court rejects Defendant's Proposed Instruction 18B and overrules Defendant's Objection to the government's proposed jury instructions.

## IV. CONCLUSION

In light of the foregoing, Defendant Elvira Ramos-Morales's "Objection to Government's Proposed Instruction 18" (docket no. 18) is **OVERRULED**.

**DATED** this 16th day of March, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3] Defendant failed to cite this contrary authority in her brief.